**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> SHANE M. MCCLELLAND, ) <br> ) <br> Defendant. ) <br> _____ ) | **CRIMINAL ACTION** <br><br> No. 10-10173 |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss. (Doc. 15). The motion has been fully briefed and is ripe for decision. (Docs. 16, 23, 27). For the reasons stated herein, defendant's motion is denied.

**I. FACTS**

On August 3, 2010, Detective Todd Crossett from Batavia, New York was contacted by the mother of 14-year-old M.S. The mother reported that her daughter and E.S., her daughter's 14-year-old friend, had met defendant through online chatroom teenspot.com in January of 2010. Both M.S. and E.S. began chatting and texting with defendant.

M.S. identified herself as being a 14-year-old female from New York. Defendant initially identified himself as a 17-year-old male from Kansas, but later correctly identified himself as Shane McClelland, a 24-year-old who is a convicted sex offender.

In July 2010, defendant requested that M.S. and E.S. take nude pictures of themselves and send them to him. On July 25, 2010, E.S. sent nude pictures of her breasts and genitalia to defendant from her Yahoo account to defendant's Yahoo account. On July 28, 2010, M.S.

also sent pictures of her breasts and genitalia from her cell phone and her Yahoo account to defendant's Yahoo account.

Defendant later discussed visiting M.S. in New York, which M.S. discouraged. Several days later, defendant made remarks about hurting his former 12-year-old girlfriend who had been the victim of the sex offense defendant of which was convicted.[1] These remarks scared M.S. and she told her mother about her contact with defendant, which ultimately led to charges being filed in the present case.

## II. ANALYSIS

The indictment charges two counts of violations of 18 U.S.C. § 2251(a), which states as follows:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been

---

[1] Defendant was convicted in 2004 of aggravated indecent liberties with a 13-year-old girl. (District Court of Sedgwick County, Kansas, Case No. 04 CR 2014). Conviction under § 2251(a) subjects defendant to a mandatory minimum sentence of 15 years or, conceivably to a mandatory minimum sentence of 25 years, depending on application of the Kansas conviction. 18 U.S.C. § 2251(e). Defendant entered a Rule 11(c)(1)(c) plea to a superceding information charging violation of 18 U.S.C. § 2252(a)(2) which carries a mandatory minimum sentence of 15 years imprisonment. The agreed-upon sentence was 262 months. For reasons set forth in its Order of September 14, 2011, the court allowed defendant to withdraw his plea. (Doc. 40).

-2-

>   transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

In his initial motion, defendant argues five somewhat overlapping points as to why § 2251(a) is unconstitutional both facially and as-applied in this case: "1) for failing to contain a scienter element that defendant knows the age of the victim to be that of a "minor" in violation of due process under the Fifth Amendment; 2) that lacking this scienter element denies defendant his right to a fair trial and to present a mistake-of-age defense protected under the Fifth Amendment's Due Process Clause; 3) the failure of the indictment to allege this scienter element, as well as failing to include the specific intent and knowledge requirements that are actually contained in the statute, cause it to be in violation of the Fifth Amendment's Grand Jury Presentment right; 4) for overbreadth under the First Amendment; and 5) for vagueness as-applied to the defendant and the facts in this case." (Doc. 15 at 1).

In a supplemental motion (Doc. 23), defendant amplifies on these points and additionally asserts that he cannot be convicted under § 2251(a) because he is not a "producer" within the statutory definitions set out in §§ 2257 and 2257(A) and implementing regulations. (Doc. 23 at 5-12). This new argument requires little discussion. Section 2251(a) applies to a "person." A "person" conceivably can be a "producer" but does not have to be. Furthermore, defendant's statutory argument fails essentially for the reasons stated in the government's supplemental response. (Doc. 27 at 2-5). Finally, defendant asserts that M.S. and E.S. are "exposed" to prosecution under § 2251(a). (Doc. 23 at 1-2). If this assertion is

correct (and the court sees no good reason to decide the question at this juncture) defendant can be convicted as an aider and abettor, even though not specifically so charged in the indictment. United States v. Dunne, 324 F.3d 1158, 1162-64 (10th Cir. 2003); United States v. Cooper, 375 F.3d 1041, 1049 (10th Cir. 2004).

The court now returns to defendant's principal points.

### **Knowledge that victim is a minor**

Defendant first challenges the constitutionality of 18 U.S.C. § 2251(a) because the government does not have to prove that the defendant knew the victim was a minor, i.e. a scienter requirement. Defendant acknowledges that 18 U.S.C. § 2251(a) does not include the word "knowingly" with respect to the victim's age. (Doc. 15 at 3-8).

In United States v. X-Citement Video, Inc., 513 U.S. 64 (1994) the Court reviewed two congressional reports and contrasted 18 U.S.C. § 2252, which specifically contains the word "knowingly," with § 2251 and noted that congress intentionally deleted "knowingly" from § 2251 before its enactment.

The Tenth Circuit has not yet ruled on this discrete challenge to § 2251(a) but other circuits addressing similar, if not identical, constitutional challenges to § 2251(a) have looked to X-Citement Video and held that knowledge that the victim is a minor is not an element of the offense. For example, in United States v. Griffith, 284 F.3d 338, 349 (2nd Cir. 2002), the Second Circuit held that § 2251(a) contained no scienter requirement as to age of the victim:

> The question of whether § 2251 contains a scienter requirement was discussed in United States v. X-Citement Video, Inc., 513 U.S. 64, 115 S. Ct. 464, 130 L. Ed. 2d 372 (1994). In that case, the Supreme Court held that 18 U.S.C. § 2252, which prohibits "knowingly" transporting, shipping,

receiving, distributing, or reproducing a visual depiction of a minor engaging in sexual explicit conduct, required knowledge of age. Id. at 78, 115 S. Ct. 464. In reaching that conclusion, the Court distinguished § 2251, following an analysis of its extensive legislative history, and concluded that § 2251 does not contain a scienter requirement as to the victim's age. See id. at 74-79, 115 S.Ct. 464. The Court cited in particular two congressional reports. The first, a Senate Conference Committee Report, explained that the deletion of the word "knowingly" from § 2251 reflected "an intent that it is not a necessary element of a prosecution that the defendant knew the actual age of the child." Id. at 76, 115 S. Ct. 464 (quoting S. Conf. Rep. No. 95-601, at 5 (1977)) (internal quotation marks omitted).

The second report, issued by a House Committee, stated that "[t]he government must prove that the defendant knew the character of the visual depictions as depicting a minor engaging in sexually explicit conduct, but need not prove that the defendant actually knew the person depicted was in fact under 18 years of age." Id. at 77 n. 6, 115 S. Ct. 464 (quoting H.R. Rep. No. 99-910, p. 6 (1986) U.S.C.C.A.N. 1986, pp. 5952, 5956). The Supreme Court thus concluded that § 2251 does not contain a knowledge of age requirement.

Other case authority includes: United States v. Malloy, 568 F.3d 166, 171 (4th Cir. 2009) (holding that the statutory text, legislative history, and judicial interpretation of §2251(a) "compel the conclusion that knowledge of the victim's age is neither an element of the offense nor textually available as an affirmative defense[]"); United States v. Crow, 164 F.3d 229, 236 (5th Cir. 1999) (citing X-Citement Video and finding that the "[defendant's] assertion that section 2251(a) is unconstitutional because it lacks a scienter requirement is meritless[]"); United States v. Humphrey, 608 F.3d 955, 958 (6th Cir. 2010) ("The defendant's awareness of the subject's minority is not an element of the offense."); United States v. Fletcher, 634 F.3d 395, 401 (7th Cir. 2011) (rejecting the defendant's claim that knowledge of the victim's age is an element of the

offense); United States v. Pliego, 578 F.3d 938, 943 (8th Cir. 2009) (holding that the district court did not abuse its discretion in refusing to instruct the jury that knowledge of the victim's age is an element of § 2251(a)); United States v. U.S. Dist. Court for Cent. Dist. of California, Los Angeles, Cal., 858 F.2d 534, 538 (9th Cir. 1988) ("There is thus little doubt that knowledge of the minor's age is not necessary for conviction under section 2251(a)."); and United States v. Deverso, 518 F.3d 1250, 1257, (11th Cir. 2008) (holding that knowledge of age is not an element of the offense).

There is a clear majority among the circuits on this issue and this court is not persuaded that the majority view is unconstitutional or that the Tenth Circuit would disagree with its sister circuits.

### Mistake-of-age defense

Defendant argues that the lack of the scienter requirement violates his right to a fair trial under the Fifth Amendment Due Process Clause because he is denied the opportunity to present a mistake-of-age defense.

As with the issue of knowledge, the Tenth Circuit has not addressed definitively the issue of whether § 2251(a) provides for a mistake-of-age defense. However, once again there is a strong majority among the circuits rejecting similar, if not identical, arguments to those defendant presents. Only the Ninth Circuit in United States District Court, 858 F.3d at 543-44, a pre-X-Citement Video case, has allowed a mistake-of-age defense. But as pointed out in United States v. Humphrey:

> In the wake of the X-Citement Video decision, all of the federal courts of appeals that have considered the issue of scienter under § 2251(a) have held that a defendant's

-6-

> knowledge of the minor's age is not an element of the offense. Significantly, however, these courts have consistently rejected the notion espoused in <u>United States District Court</u> of a constitutionally mandated mistake-of-age defense. Thus, the Ninth Circuit stands alone in its determination that the First Amendment requires a reasonable mistake-of-age defense under § 2251(a).

608 F.3d at 960-61.

Some of the circuits have addressed the mistake-of-age defense under the First Amendment. Defendant also brings a Fifth Amendment claim. Regardless, in <u>United States v. McCloud</u>, 590 F.3d 560, 568 (8th Cir. 2009), the Eighth Circuit affirmed the district court's preclusion of a reasonable-mistake-of-age defense and held that the defendant's due process rights were not violated.

As pointed out in <u>Malloy</u>, "the text of § 2251(a) does not include an affirmative defense for reasonable mistake of age." 568 F.3d at 172. Congress could have included a mistake-of-age defense as an affirmative defense to § 2251(a), but chose not to. <u>See</u> <u>id.</u> at 173 (pointing out affirmative defenses contained within the statutory text of 18 U.S.C. §§ 2243(c) and 2252A(d)).

Although this case has yet to be tried, it is not clear how defendant would present by clear and convincing evidence that he did not know M.S. and E.S. were minors. Defendant was in a teen chatroom conversing with two females who correctly identified themselves as two 14-year-old girls from New York. Based on the factual scenarios set out in the parties' submissions, it seems clear that defendant was seeking, and indeed succeeded, in making contact with 14-year-old females. In other words, this case stands in contrast to those involving "sting" operations where the supposed minor was, in fact,

an adult law enforcement agent.

### Fifth Amendment's Grand Jury Presentment Right

Defendant next claims that the absence of the scienter requirement as to the age of the victim in the indictment violates the grand jury presentment right under the Fifth Amendment. (Doc. 15 at 10-12).

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V.

> To be sufficient, an indictment must allege each material element of the offense; if it does not, it fails to charge that offense. This requirement stems from one of the central purposes of an indictment: to ensure that the grand jury finds probable cause that the defendant has committed each element of the offense, hence justifying a trial, as required by the Fifth Amendment.

United States v. Prentiss, 206 F.3d 960, 965, (10th Cir. 2000) (quoting United States v. Cabrera-Teran, 168 F.3d 141, 143 (5th Cir. 1999).

As already determined, there is no scienter requirement as to the age of the victim in § 2251(a). The government does not need to prove that defendant had knowledge of the victim's age as an element of the offense. Therefore, all the elements of the offenses were properly presented to the grand jury.

### Overbreadth

Defendant argues that § 2251(a) is unconstitutional, both facially and as-applied, because its coverage extends beyond illegal child pornography and impinges on legal adult activity and communications via cell phones and the internet. (Doc. 15 at 9, doc. 23 at 3-12 and 17-23).

In determining whether § 2251(a) is overbroad, the court first looks to see if it reaches a "'substantial amount of constitutionally protected conduct.'" Ward v. Utah, 398 F.3d 1239, 1247 (10th Cir. 2005). Next, when a criminal statute regulates conduct as opposed to "pure speech," which is the case with § 2251(a), the court takes into account the government's legitimate interest in enforcing the statute. Id. Thus, the relevant question is whether § 2251(a) as written risks chilling such a substantial amount of protected conduct that the absence of a scienter requirement outweighs the government's indisputably compelling interest in protecting children becoming victims of child pornography. See Fletcher, 634 F.3d at 402.

The Tenth Circuit held in United States v. Grimmett, 439 F.3d 1263 (10th Cir. 2006) that Section 2251 of the Protection of Children Against Sexual Exploitation Act of 1977 was not overbroad. However, Grimmett addressed whether § 2251(a) was a valid exercise of Congress' commerce power. Therefore, the court has looked to Fletcher for guidance and finds that the government's interest in protecting children from child pornography outweighs any possibility that § 2251(a) reaches constitutionally protected conduct.

> [W]e are hard-pressed to conclude that the plainly legitimate sweep of the statute is outweighed by the possibility that the production of some protected pornography may be chilled. For his part, Fletcher has presented no evidence that legitimate producers of pornography (which he was not) are deterred by the existence of strict liability statutes like § 2251(a). ... And although the theoretical possibility exists that every diligent attempt at age verification may fail, we think such a risk is small and does not create a "substantial" burden on protected expression. Furthermore, legitimate producers of adult pornography are unlikely to be deterred merely by the fact that they must verify an actor's age—they are already required to do so now. 18 U.S.C. § 2257(b)(1) (requiring a producer of pornography to

> "ascertain, by examination of an identification document containing such information, the performer's name and date of birth"); X-Citement Video, 513 U.S. at 77 n. 5, 115 S. Ct. 464 (noting that "Congress has independently required both primary and secondary producers to record the ages of performers with independent penalties for failure to comply"). Finally, most individuals targeted for prosecution under § 2251(a) are those who, like Fletcher, are either well-aware of the victim's minority or failed to undertake any serious effort to ascertain the victim's age.

Fletcher, 634 F.3d at 404 (internal citations omitted).

Defendant nevertheless claims that with social networks and smart phones, innocent mistakes regarding the identity of the person on the opposite end of a conversation held over the internet are likely to occur. This argument is not persuasive. Legitimate, i.e. constitutionally protected, conversations via the internet and similar media in which photographs are requested occur between adult acquaintances and/or friends in which the person on the receiving end either knows or has had a reasonable opportunity to ascertain the age of the sender. The court agrees with the government that § 2251(a) does not encompass the scenario where the photograph is displayed voluntarily without some type of request. See 18 U.S.C. § 2251(a) ("Any person who employs, uses, persuades, induces, entices, or coerces any minor ..."). It is not protected conduct for an adult to enter a teenage chat room and request naked photographs from two females who he knows, or has every reason to believe, are minors. Congress put the risk that the sender was not being truthful about his or her age on the receiver. See Malloy, 568 F.3d at 172 ("It thus makes sense to impose the risk of error on producers of child pornography."). Defendant simply fails to deal with the fact that he was in a chat room geared towards teens and that both girls told him

-10-

that they were 14. Defendant requested them to take sexually explicit photographs of themselves and send them to him via the internet. Defendant's conduct is precisely that which Congress intended to prevent when it enacted § 2251(a).[2]

**Vagueness**

"A statute is impermissibly vague if it fails to provide people of ordinary intelligence a reasonable opportunity to understand what conduct it prohibits. Additionally, a statute that authorizes or encourages arbitrary and discriminatory enforcement can be impermissibly vague." United States v. Franklin-El, 554 F.3d 903, 910 (10th Cir. 2009) (internal citations and quotations omitted).

Defendant does not specify what part of the statute is vague such that a reasonable person of ordinary intelligence cannot understand it. Nor has defendant cited any authority in support of his position that § 2251(a) is unconstitutionally vague on its face or as-applied to defendant.

**III. CONCLUSION**

Defendant's motion and supplemental motion to dismiss the indictment (Docs. 15 and 23) are denied.

IT IS SO ORDERED.

Dated this __21st__ day of October 2011, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE

---

[2] Defendant also raises an as-applied argument to his overbroad and vagueness challenges. However, defendant acknowledges that discovery is ongoing and a full understanding of the facts is necessary to decide the as-applied argument. (Doc. 15 at 10). In the event this case is tried and defendant is convicted, he can raise this argument at the appropriate time if he so desires.