**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| UNITED STATES, | ) | |
| | ) | |
| Plaintiff, | ) | **CRIMINAL ACTION** |
| | ) | |
| v. | ) | No. 10-10173 |
| | ) | |
| SHANE MCCLELLAND, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on the following motions:

1) Defendant's motion to suppress evidence (Doc. 22), supplemental memorandum (Doc. 44) and the government's response (Doc. 45).

2) Defendant's motion in limine (Doc. 25) and the government's response (Doc. 29).

**1. (DOC. 22)**

**A. FACTS**

Defendant was convicted of aggravated indecent liberties and released on parole in May 2009. As part of his conditions of parole, defendant was not to communicate with minors or use the computer to transfer sexually explicit material. Another condition was that defendant be subject to search by parole officers or designated law enforcement of his person, residence, and property under his control. (Gov't. exh. 2).

On August 3, 2010, Detective Todd Crossett from Batavia, New York received information from the mother of 14-year-old female M.S. that M.S., and her friend E.S., had been communicating with defendant since

January of 2010. The mother also reported that both girls had sent defendant naked photographs of their breasts and genitals at his request. The photographs were sent to defendant's Yahoo account.

On August 9, 2010, Detective Crossett contacted Kansas Department of Corrections Parole Officer Steve Radcliffe and informed him of defendant's communications with M.S. and E.S. Officer Radcliffe obtained an Arrest and Detain Order (Gov't. exh. 1) for defendant and called defendant to make an appointment to come visit him at 6:00 p.m. at his grandmother's mobile home, where defendant was staying.

Officer Radcliffe also contacted Wichita Police Department Detectives Jennifer Wright and Shawn Bostick of the Exploited and Missing Child Unit ("EMCU") and informed them of defendant's communications. He requested that they accompany him when he executed the arrest and detain order because of their expertise in computers.

At approximately 6:00, Officer Radcliffe and Detectives Wright and Bostick arrived at the grandmother's mobile home. Defendant answered the door and Officer Radcliffe explained that he had an order for defendant's arrest and that he was going to need defendant's phone. Detective Wright also asked defendant for his cell phone. Defendant pulled his cell phone out of his pocket and began to type in the password when Detective Wright told him not to open it yet. Defendant voluntarily handed the phone to Detective Wright.

Detective Wright explained that there were allegations regarding two underage girls from New York who claimed to have been communicating with defendant in violation of his special conditions of parole applicable to defendant as a convicted sex offender. (Gov't. exh. 3). Detective Wright asked defendant for permission to

search his bedroom and defendant responded affirmatively. Sometime thereafter, defendant was handcuffed by Officer Radcliffe and placed in his car.

Detective Wright told defendant's mother and grandmother about the allegations and asked if they had any computers. Defendant's mother went in a back room and retrieved a laptop.[1]

While at the house, defendant was not <u>Mirandized</u>. However, Detectives Wright and Bostick asked defendant if he would like to speak with them at their office regarding these allegations and defendant responded said yes. At the EMCU, defendant was read his <u>Miranda</u> rights after the personal history sheet. Defendant requested a lawyer and the interview ended.

On August 10, 2010, Detective Wright applied for and received from a state district judge a warrant to search the contents of defendant's cell phone. (Gov't. exh. 4).

An evidentiary hearing was held on October 3, 2011. The government indicated at the hearing that the cell phone contained the actual phone number, a non-pornographic image like a head shot of one of the minor girls, and other indications of contact with one or both of the minors including an address book and one of their nicknames. (Mot. to Supp. trans. at 41-42). The government did not identify any evidence found on the computer.

---

[1] It is unclear from the testimony presented at the evidentiary hearing whether Detectives Wright and Bostick seized a computer belonging to defendant and an additional laptop or whether the computer seized from the residence was the laptop that the mother gave to Detectives Wright and Bostick. At any rate, it does not appear that the government is seeking to introduce anything found on the computer.

Defendant seeks to suppress the seizure of the cell phone and any "fruits" thereof. (Doc. 22 at 1). Since there are no "fruits," his argument appears to be very narrow: that the mere fact that Detective Wright asked for and took possession of his cell phone (as opposed to Officer Radcliffe) constituted unlawful seizure because "the WPD detectives' presence was unrelated to parole officer Radcliffe's decision to arrest defendant ..." (Doc. 44 at 2). Defendant does not challenge the arrest and detain order or the search warrant issued for his cell phone. Furthermore, defendant made no statements at his residence or while at the EMCU prior to invoking his <u>Miranda</u> rights.

**B.  ANALYSIS**

The Fourth Amendment protects "[t]he right of the people to be secure in their person, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. When law enforcement conducts a warrantless search, as was the case here, an exception to the warrant requirement is needed. <u>See</u> <u>United States v. Thompson</u>, 524 F.3d 1126, 1132 (10th Cir. 2008) ("The principal protection against unnecessary intrusions into the home by police is the Fourth Amendment's warrant requirement.").

Defendant is a parolee who consented in writing to a search of his person, residence, and property. As such, the "special needs" exception and the "totality of the circumstances" exceptions are applicable to warrantless searches. <u>United States v. Warren</u>, 566 F.3d 1211, 1215, (10th Cir. 2009).

<u>Special Needs Exception</u>

The special needs exception applies when "'special needs, beyond the normal need for law enforcement, make the warrant and

-4-

probable-cause requirement impracticable.'" Id. Parole officers have a rehabilitative relationship with their parolees and must be able to respond quickly when they reasonably suspect that their parolees are violating the conditions of their parole. Id. ("[T]he delay inherent in obtaining a warrant would make it more difficult for probation officials to respond quickly to evidence of misconduct."). Under the special needs exception, "a police officer may participate in a search of a parolee's home by parole officers so long as the police officer is acting under the direction of a parole officer." Warren, 566 F.3d at 1217. However, the police officer may not conduct his or her own independent search. United States v. Freeman, 479 F.3d 743, 746 (10th Cir. 2007).

It is important to note that defendant does not challenge the validity of the arrest and detain order or Parole Officer Radcliffe's presence at his home or his arrest. Defendant's sole argument is that Detectives Wright and Bostick "piggybacked" or "tagged along" on Officer Radcliffe's arrest and detain order and then did their own independent search which violated defendant's Fourth Amendment rights. Officer Radcliffe testified that he requested Detectives Wright and Bostick to accompany him to defendant's home because they are the experts in computers. But it does not appear that the government intends to offer anything found on the computer. Moreover, both detectives were authorized by Kansas statue to be present. K.S.A. 75-5217 provides in part:

> "(a) At any time during release on parole, conditional release or postrelease supervision, the secretary of corrections may issue a warrant for the arrest of a released inmate for violation of any of the conditions of release, or a notice to appear to answer to a charge of

violation. Such notice shall be served personally upon the released inmate. The warrant shall authorize any law enforcement officer to arrest and deliver the released inmate to a place as provided by subsection (g). Any parole officer may arrest such released inmate without a warrant, or may deputize any other officer with power of arrest to do so by giving such officer a written or verbal arrest and detain order setting forth that the released inmate, in the judgment of the parole officer, has violated the conditions of the inmate's release. ..."

The court finds that the seizure of defendant's cell phone was valid under the special needs exception because Detectives Wright and Bostick were participating under the direction of Officer Radcliffe. The mere fact that defendant handed the phone to Detective Wright as opposed to Officer Radcliffe is a distinction without any Constitutional significance.

### Totality of the Circumstances Exception

The totality of the circumstances exception "authorizes warrantless searches without probable cause ... by police officers with no responsibility for parolees or probationers when the totality of the circumstances renders the search reasonable." Warren, 566 F.3d at 1216 (citing Samson v. California, 547 U.S. 843 (2006) and United States v. Knights, 534 U.S. 112 (2001)). This exception is premised upon the fact that parolees have a reduced expectation of privacy in their home because of their acceptance to parole searches detailed in their conditions for parole as well as the state's interest in preventing parolees from committing additional crimes. Id.

Detectives Wright and Bostick had reasonable suspicion that defendant had violated his parole by communicating with minors via his cell phone and computer. Detective Wright testified that Officer Radcliffe told her about his communications with Detective Crossett

-6-

regarding defendant's contact with M.S. and E.S. Detective Wright also knew that defendant had been communicating with M.S. and E.S. through text messages and the internet. Defendant's cell phone number was the same number that the minors provided Detective Crossett. Therefore, it was reasonable for Detective Wright to seize his cell phone because she had a reasonable suspicion that defendant's phone was used when he violated one of his special conditions of parole.[2] Moreover, as one of his conditions of parole, defendant agreed to "[b]e subjected to a search by parole officers or <u>designated</u> <u>law</u> <u>enforcement</u> <u>officers</u> of [his] person, residence, and any other property under [his] control." (Emphasis added). Defendant agreed to be subject to search by either parole or police officers.

Because the special needs and totality of the circumstances exceptions apply to the seizure of defendant's cell phone, no Fourth Amendment violations occurred.

## 2.    (DOC. 25)

Defendant has filed a motion in limine and brief in which he moves to exclude photographs and his prior criminal history. (Doc. 25). The court will rule on defendant's motion at a later date should this case proceed to a jury trial. Defendant's motion in limine is taken under advisement.

### C.    CONCLUSION

For the reasons stated above, defendant's motion to suppress

---

[2] Defendant does not argue that Detectives Wright and Bostick did not have a reasonable suspicion when they searched defendant's home, but that their reasons for being inside and searching defendant's home were independent and separate from Officer Radcliffe's reasons. But once again, to the extent they did a "search" and "seized" the computer, no evidence therefrom will be used at a trial.

(Doc. 22) is denied.  Defendant's motion in limine (Doc. 25) is taken under advisement.

IT IS SO ORDERED.

Dated this __26th__ day of October 2011, at Wichita, Kansas.

s/ Monti Belot
Monti L. Belot
UNITED STATES DISTRICT JUDGE